UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| PERRY MCCROBEY, | ) | |
|---|---|---|
| *Petitioner*, | ) | |
| v. | ) | Nos.: 1:09-CR-117-CLC-WBC-1 |
| | ) | 1:11-CV-300-CLC |
| UNITED STATES OF AMERICA, | ) | |
| *Respondent.* | ) | |

## MEMORANDUM AND ORDER

This is an amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Perry McCrobey ("petitioner"). The government has filed its response to the motion, and petitioner has filed his reply. Petitioner has failed to demonstrate he is entitled to relief under § 2255. Petitioner's original motion to vacate, set aside or correct sentence (Court File No. 38[1]) will be **DENIED as moot**. Petitioner's amended motion to vacate, set aside or correct sentence (Court File No. 56) will be **DENIED**.

### I. STANDARD OF REVIEW

This Court must vacate and set aside petitioner's conviction upon finding "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a

---

[1] All citations to the record refer to the docket sheet in Criminal Action No. 1:09-CR-117.

complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court is to determine whether an evidentiary hearing is required after a review of the answer and the records of the case. If the motion to vacate, the answer, and the records of the case conclusively show petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. **FACTS**

On May 29, 2009, detectives from the Chattanooga Police Department ("CPD") obtained a warrant to search petitioner's mother's house (Court File No. 13 p. 4). On June 2, 2009, CPD detectives obtained a warrant to search petitioner's house (*Id.*). The CPD executed both warrants on June 2, 2009 (*Id.*).

At petitioner's house, the following items were found: (1) a loaded Cobra 280 semi-automatic handgun; (2) seventy-six rounds of 380 caliber ammunition; (3) a black purse containing $512 in cash; (4) a key to a locked safe at petitioner's mother's house containing $7,000 in cash; (5) a pair of shorts containing petitioner's wallet and driver's license, $1679 in cash, and a 23.7 gram "crack cookie"; (6) $500 in cash; (7) mail addressed to defendant; (8) two baggies containing a total of $5298 in cash; and (9) baggies containing a total of 1.3 grams of marijuana (Court File No. 13 p. 4–5).

2

At petitioner's mother's house, the following items were found: (1) a loaded nine millimeter Glock handgun; (2) a locked safe containing $7,000 in cash in $1,000 stacks; (3) 613 grams of marijuana; (4) ten baggies containing a total of 272.5 grams of powder cocaine; (5) a set of digital scales; (6) mail addressed to petitioner; (7) a Pyrex cup containing a white residue (which detectives believed to be cocaine) next to a box of plastic baggies; (8) a prison letter addressed to defendant at 5330 Meadowbrook Lane; (9) two substances commonly used to cut cocaine; (10) two rounds of 380 caliber ammunition; and (11) a Chevy Suburban which was known to be driven by petitioner (*Id.*at 4). Petitioner's mother stated the gun, marijuana, and cocaine did not belong to her, and suggested they may belong to petitioner (*Id.*).

Petitioner was subsequently charged in a four-count indictment (Court File No. 1). Count One charged petitioner with knowingly, intentionally, and without authority possessing with the intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (*Id.*). Count Two charged petitioner with knowingly, intentionally, and without authority possessing with the intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (*Id.*). Count Three charged petitioner with knowingly, intentionally, and without authority possessing with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (*Id.*). Count Four charged petitioner with knowingly possessing, in and affecting commerce, a loaded firearm and ammunition despite having

3

been previously convicted in court of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1) (*Id.*).

On August 26, 2009, petitioner was arraigned and his trial was set for November 2, 2009 (Court File Nos. 5 and 7). On October 16, 2009, petitioner signed a plea agreement (Court File No. 13). On November 4, 2009, the Court issued a notice of rearraignment and set a change of plea hearing for November 6, 2009 (Court File No. 10). On November 6, 2009, Petitioner entered a plea of guilty to Counts One and Four of the indictment (Court File No. 11).

Due to petitioner's plea of guilty to Count One of the indictment and his two or more prior felony convictions for a crime of violence or a controlled substance offense, petitioner qualified as a career offender under U.S. Sentencing Guidelines ("USSG") § 4B1.1, and had a corresponding offense level of 37 (Presentence Investigation Report ("PSR") p. 8). Due to petitioner's plea of guilty to Count Four and his three or more prior convictions for a violent crime or a serious drug offense, petitioner also qualified as an armed career criminal under 18 U.S.C. § 924(e) and USSG § 4B1.4, and had a corresponding offense level of 34 (*Id.*). In accordance with USSG § 4B1.4(c)(1), the PSR used the higher career offender offense level and reduced it by three levels for petitioner's acceptance of responsibility, resulting in a total offense level of 34 (*Id.*). With a total offense level of 34 and a criminal history category of VI, petitioner's advisory guideline sentence range was 262 to 327 months' imprisonment (*Id.* at 18).

4

At and before sentencing, petitioner's counsel objected to the use of his 2006 Tennessee unlawful weapon possession conviction as a predicate offense for both career criminal and armed career criminal status, an argument which respondent conceded (Court File No. 32 p. 3–4). Petitioner's counsel, however, acknowledged petitioner still qualified as a career criminal (*Id.* at 4). Petitioner's counsel also argued petitioner's 1995 Tennessee conviction for possession of cocaine and his 1995 federal conviction for conspiracy to distribute cocaine were substantially related and should count as a single offense for purposes of the armed career criminal act (*Id.* at 4–20). After carefully considering this argument, the Court determined the two offenses should not count as a single offense and the PSR correctly applied the armed career criminal enhancement and set forth the correct advisory guidelines range (*Id.* at 20–24).

Petitioner's counsel also moved for a downward variance, requesting the Court to impose a sentence below the advisory guidelines (*Id.* at 24–43). After hearing arguments from counsel on this issue, allowing petitioner to speak on his own behalf, reading and considering both a letter written by petitioner and letters written by supporters of petitioner, and carefully considering the 18 U.S.C. § 3553(a) factors, the Court sentenced petitioner to 310 months' imprisonment as to each count of the indictment, to be served concurrently (Court File No. 28; Court File No. 32 p. 24–55).

On May 24, 2009, petitioner filed an appeal of his sentence to the United States Court of Appeals for the Sixth Circuit in which he asserted (1) the Court erred in denying his objection to the presentence report and in finding he qualified as an armed career

5

criminal; and (2) the district court abused its discretion in denying his motion for a downward variance (Court File No. 37 p. 2). On July 6, 2011, the Sixth Circuit affirmed the imposition of petitioner's sentence (*Id.* at 5).

On October 6, 2011, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Court File No. 38). In his motion, he set forth four grounds for relief, including: (1) the indictment was defective; (2) the government failed to charge a penalty in the indictment; (3) the government failed to file notice of the armed career criminal enhancement in the indictment; and (4) several instances of ineffective assistance of counsel (*Id.*). On December 21, 2011, petitioner filed a motion to amend and supplement his § 2255 motion in which he asked the Court to allow him to amend his § 2255 motion to include a specific assertion of ineffective assistance of counsel relating to the Speedy Trial Act (Court File No. 41), as well as a document petitioner called an amended § 2255 motion[2] (Court File No. 42). On January 4, 2012, the Court granted petitioner's motion to amend (Court File No. 44).

On April 23, 2012, respondent filed a response in opposition to petitioner's § 2255 motion (Court File No 50). On April 30, 2012, petitioner filed a motion to dismiss his § 2255 motion without prejudice to allow him to amend (Court File No. 51). In this motion, petitioner stated "the claims and arguments set forth in the pleadings are defective as they do not fully and fairly put forth all claims that have substance in both []

---

[2] It appears petitioner's first "amended" § 2255 motion (Court File No. 42) is identical to petitioner's original § 2255 motion (Court File No. 38), and petitioner intended the Court to consider the substantive allegations in his motion to amend (Court File No. 41) as a supplement to his original § 2255 motion.

6

fact and law," specifically asserting grounds one and two of his original § 2255 motion were "meritless" and grounds three and four were "ill-argued" (Court File No. 51). On May 22, 2012, the Court entered an order denying petitioner's motion to dismiss and directing petitioner to file both a motion to amend his § 2255 motion and a proposed amended § 2255 motion containing all claims and facts petitioner wished to raise by June 25, 2012, specifically explaining the amended § 2255 motion would supersede the original motion, memorandum, and amendment if the motion to amend was granted (Court File No. 53).

On June 25, 2012, petitioner filed a motion to amend his § 2255 motion and a second amended § 2255 motion (Court File Nos. 55, 56). As grounds for his second amended § 2255 motion, petitioner asserts counsel was ineffective on four occasions and his sentence is constitutionally invalid (Court File No. 56 p. 4–5). On July 24, 2012, the Court granted petitioner's motion to amend (Court File No. 58). On October 1, 2012, respondent filed a response in opposition to petitioner's amended motion (Court File No. 59). On October 18, 2012, petitioner filed his reply (Court File No. 62).

### III. ANALYSIS

#### A. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner first alleges he received ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to

7

"reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A party asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

8

The second prong of the *Strickland* test requires a claimant to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" in order to satisfy the prejudice requirement. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Supreme Court emphasized a claimant must establish both prongs in order to meet his burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland*, 466 U.S. at 697.

### 1. **SPEEDY TRIAL ACT**

Petitioner alleges counsel was ineffective for failing to investigate petitioner's rights under the Speedy Trial Act. Specifically, petitioner alleges counsel was ineffective

9

for not moving to dismiss his indictment on or after November 4, 2009, the date on which petitioner alleges the Speedy Trial Act required his criminal trial to begin.

The Speedy Trial Act generally requires a federal criminal trial to begin within seventy days after a defendant is charged or makes an initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1) and (h). The Speedy Trial Act generally excludes, however, "any period of delay resulting from other proceedings concerning the defendant" from computation of the seventy days. 18 U.S.C. § 3161(h)(1). The Speedy Trial Act also provides a non-exclusive list of specific categories of delay which are excluded from computation. 18 U.S.C. § 3161(h)(1). Relevant examples include "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" and "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government." 18 U.S.C. § 3161(h)(1)(D) and (G).

According to petitioner, his indictment was subject to dismissal under the Speedy Trial Act on November 4, 2009, even though he signed a plea agreement on October 16, 2009, and the Court filed a notice of rearraignment to allow petitioner to change his plea to guilty on November 4, 2009. Petitioner asserts the days after he signed his plea agreement and/or on or after the Court filed the notice of rearraignment cannot be excluded by the Speedy Trial Act's provisions for excluding delay, as no motion was filed and the Court was not "considering" the plea agreement.

10

The Sixth Circuit, however, has held a notice of change of plea is a motion requiring a hearing and the time between the filing of the notice and the hearing is properly excluded under the Speedy Trial Act. *United States v. Coviello*, 280 Fed. App'x 520, 524 (6th Cir. 2008). While petitioner correctly asserts no motion was filed and it is not clear that the Court was considering the plea agreement, the record establishes the Court was aware petitioner had decided to change his plea and this was the reason a trial did not occur within seventy days. Accordingly, even if this time does not fall within the specific categories of time which are excludable under the Speedy Trial Act, the delay is attributable to "other proceedings concerning the defendant," and is therefore properly excluded from the computation of time for the deadline under 18 U.S.C. § 3161(h)(1).

As the Court's acceptance of petitioner's plea agreement outside of the seventy day deadline did not violate the Speedy Trial Act, petitioner cannot establish counsel was unreasonable for not bringing up this issue, nor can he establish any prejudice due to counsel not moving to dismiss the indictment on this basis. Petitioner likewise cannot establish counsel was ineffective for advising him to plead guilty based upon petitioner's assertion that the indictment was subject to dismissal under the Speedy Trial Act. Accordingly, petitioner cannot meet either requirement of *Strickland* based upon counsel's acts or omissions with regard to the Speedy Trial Act.

### 2. CAREER CRIMINAL CLASSIFICATION

Petitioner next alleges counsel was ineffective in various ways with regard to petitioner's classification as a career offender. Specifically, petitioner asserts: (1) counsel

failed to argue one of his prior conviction was not a predicate offense; (2) counsel failed to argue his 1995 Tennessee conviction for possession of cocaine and his 1995 federal conviction for conspiracy to distribute cocaine should have been counted as a single conviction; (3) counsel abandoned any argument regarding career offender classification on appeal; (4) counsel erred by asking the Court to review the petitioner's criminal history based on the facts in the PSR, as this did not follow the "categorical approach;" and (5) counsel should have investigated *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010).

> A defendant is properly classified as a career offender under USSG §4B1.1 where:
>
> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). Accordingly, a defendant is properly classified as career offender under this section when he has two prior felony convictions of either a crime of violence or a controlled substance offense. The PSR listed four such qualifying predicate offenses for petitioner. Thus, petitioner cannot establish any prejudice from counsel not arguing one of his predicate offenses did not qualify as such or from counsel not bringing up his career offender classification on appeal. Moreover, as petitioner's counsel did request the Court consider petitioner's 1995 Tennessee conviction for possession of cocaine and his 1995 federal conviction for conspiracy to distribute cocaine as a single conviction and the

12

Court carefully considered this argument before ruling against it, petitioner cannot establish any ineffective assistance as to this argument.

Petitioner also alleges counsel was ineffective for requesting the Court to review only the facts set forth in the PSR to determine whether petitioner's prior convictions were proper predicate offenses. The categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990), provides a court must look only to the fact of conviction and the statutory definition of the offense, without considering facts underlying the conviction, in determining whether a previous conviction qualifies as a predicate offense for enhancement of sentence. *Id.* at 602. The Supreme Court has held a court may be required to go beyond the mere fact of conviction to make a sentencing determination in a narrow range of cases, such as where a jury was required to find elements of the generic offense of burglary in order to convict the defendant under a nongeneric statute, *id.*, or where a defendant may have admitted elements of the generic offense in entering a plea of guilty to a burglary charge under a nongeneric statute. *Shepard v. United States*, 544 U.S. 13, 26 (2005). Petitioner has not asserted, and the record does not reflect, that any of his predicate offenses fit into this narrow range. As petitioner's counsel's request for the Court to rely on the facts set forth in the PSR was therefore proper under the categorical approach, petitioner cannot establish counsel was ineffective for making that request.

Petitioner also asserts counsel should have investigated the holding in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), which petitioner appears to allege supports

13

finding that his predicate offenses could not be used to enhance his sentence. In *Carachuri*, the Supreme Court noted that a state law recidivist finding which increases an offense's maximum imprisonment term to ten years qualifies that offense as a "serious" drug offense under 18 U.S.C. § 924(e), but only when the recidivist finding was part of the record of the conviction. *Id.* at 577 n. 12. Petitioner does not allege, and the record does not reflect, that the Court relied upon a state law recidivist finding in imposing his sentence. Accordingly, petitioner's counsel cannot be faulted for not making any argument based on this issue.

### 3. ARMED CAREER CRIMINAL ENHANCEMENT

Petitioner makes various assertions regarding his counsel's conduct with regard to the classification of petitioner as an armed career criminal act under 18 U.S.C. § 924(e). As petitioner admits in his second amended motion, however, any argument based upon classification of petitioner as an armed career criminal is moot, as petitioner was sentenced under the higher career offender offense level (Court File No. 55-1 p. 10). Accordingly, petitioner cannot establish any constitutional errors arising out of application of the armed career criminal enhancement and/or counsel's actions with regard to the classification of petitioner as an armed career criminal.

### B. VALIDITY OF SENTENCE

Petitioner next asks the Court to find his sentence constitutionally invalid because he is seeking to have his 1995 Tennessee conviction vacated and has also filed a petition for relief from his sentence for his 2007 conviction in Hamilton County, Tennessee.

14

Petitioner asserts that because he has sought relief from these two state convictions, his sentence is not "ripe" for determination and requests leave from his sentence until the state court proceedings have concluded. As petitioner has not had any of his predicate offenses vacated, however, he is not entitled to any such relief at this time. *Johnson v. United States*, 544 U.S. 295, 305 (2005).

IV. **CONCLUSION**

Petitioner has failed to demonstrate he is entitled to relief under § 2255. Petitioner's original motion to vacate, set aside or correct sentence (Court File No. 38) will be **DENIED as moot**. Petitioner's amended motion to vacate, set aside or correct sentence (Court File No. 56) will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN ORDER SHALL ENTER.**

**E N T E R :**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

15